ADAM K. BULT, ESQ., Nevada Bar No. 9332
abult@bhfs.com
TRAVIS F. CHANCE, ESQ., Nevada Bar No. 13800
tchance@bhfs.com
CHELSEE C. JENSEN, ESQ., Nevada Bar No. 14549
cjensen@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135

*Attorneys for Plaintiff Sierra Summit, LLC*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SIERRA SUMMIT, LLC,

*Plaintiff*,

v.

HUMPHREYS & PARTNERS ARCHITECTS, NEVADA, LLC,

*Defendant*.

CASE NO.: 3:25-cv-00511-MMD-CLB

**ORDER GRANTING STIPULATION TO STAY DISCOVERY PENDING MEDIATION**

Plaintiff Sierra Summit, LLC ("**Plaintiff**"), by and through its undersigned counsel of record, and Defendant Humphreys & Partners Architects, Nevada, LLC ("**Defendant**"), by and through its undersigned counsel of record, stipulate and agree as follows:

1. Plaintiff filed its Complaint on July 11, 2024. ECF No. 1.

2. Defendant filed its Answer and Jury Demand on August 5, 2024. ECF No. 6.

3. The Court granted the Parties Stipulation to Extend Discovery (Fifth Request) on May 22, 2026, ECF No. 57, under which the remaining deadlines ("**Pending Deadlines**") in this matter are as follows:

   a. Amend pleadings/add parties: September 14, 2026;

   b. Plaintiff's expert disclosure: September 14, 2026;

   c. Defendant's expert disclosure: October 14, 2026;

d. Rebuttal expert disclosures: November 13, 2026;

e. Discovery cutoff: December 15, 2026;

f. Dispositive motions: January 14, 2027; and,

g. Joint pretrial order: February 15, 2027.

4. The parties previously participated in pre-litigation mediation on March 4, 2024.

5. Since the pre-litigation mediation, the parties have engaged in substantial discovery efforts to date, including:

a. Plaintiff filed the Affidavit of Travis F. Chance, Esq. Pursuant to NRS 11.258 ("NRS Affidavit to the Complaint") alongside its Complaint, which includes 3,183 pages of documents that support Plaintiff's claims. *See* ECF No. 3.

b. On October 4, 2024, the Parties agreed to a Stipulated Confidentiality Agreement and Protective Order (later revised by Court order), and the Court entered it as an order. ECF Nos. 17, 21, 22.

c. On October 4, 2024, the Parties agreed to a Protocol for Production of Electronically Stored Information, which the Court later entered as an order. ECF Nos. 18, 20.

d. On October 4, 2024, Plaintiff provided a ShareFile link to Defendant, which contained the 3,183 pages of documents filed in support of the NRS 11.258 Affidavit to the Complaint.

e. On October 10, 2024, Plaintiff served its Initial Disclosure Statement pursuant to FRCP 26(a)(1)(A).

f. On October 10, 2024, Defendant served its Initial Disclosures pursuant to FRCP 26(a)(1)(A).

g. On November 15, 2024, Defendant served its First Supplement to Initial Disclosure Statement ("Defendant's First Supplemental Disclosure"), which included an external hard drive that contained 40,498 documents listed on the supplemental disclosure.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

h. As of November 15, 2024, Plaintiff collected its electronically stored information and began reviewing 83,131 documents to supplement produce as a supplement to its Initial Disclosures. This onerous task served as the basis for the first request to extend the First Scheduling Order.

i. Plaintiff served its First Supplemental Disclosure Statement Under FRCP 26(c) ("Plaintiff's First Supplemental Disclosures") on February 28, 2025.

j. Plaintiff served its Second Supplemental Disclosure Statement Under FRCP 26(c) ("Plaintiff's Second Supplemental Disclosures") on March 18, 2025.

k. On June 27, 2025, Plaintiff served its First Set of Requests for Production to Defendant ("Requests for Production").

l. On July 25, 2025, Defendant served its Responses to the First Set of Requests for Production ("Discovery Responses").

m. The parties engaged in substantial meet-and-confer efforts over the Discovery Requests, including supplemental responses being served by Defendant and culminating in a hearing before this Court in January 2026. *See* ECF No. 57, ¶¶ 34-46 (detailing the meet-and-confer efforts and the hearing on Plaintiff's Motion Regarding Discovery Dispute).

n. Defendant has since supplemented its Discovery Responses again, and the parties remain in ongoing meet-and-confer efforts concerning the same.

6. The parties have recently agreed to participate in a second round of mediation.

7. The parties seek to stay the Pending Deadlines to allow for the completion of the forthcoming mediation.

8. The Court has the power to stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

9. In deciding whether to grant a stay, a court may weigh the "competing interests of the parties and of the Court." *Coker v. Dowd*, No. 2:13-CV-0994-JCM-NJK, 2013 WL 12216682, at *1 (D. Nev. July 8, 2013).

10. The competing interests that may be considered include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

11. The parties submit that the competing interests counsel in favor of granting the stipulated stay pending the forthcoming mediation.

12. First, the parties stipulate that a stay of discovery will not be prejudicial to either party, and so there is no prejudicial damage that may result to the parties from granting the stay.

13. Relatedly, a stay will not harm the Court, as the stay will promote judicial economy; a stay will allow this Court to dedicate its time and effort to other cases on its docket.

14. Second, the parties will suffer significant hardships if the requested stay is denied, including potentially unnecessary litigation costs, particularly considering the upcoming Pending Deadlines.

15. Indeed, currently, the parties will be required to complete depositions, third-party discovery, and expert discovery in just over three months.

16. These litigation costs may inhibit the ability for the parties to reach a settlement at the forthcoming mediation.

17. Third, the parties believe that a second round of mediation may lead to a more speedy and inexpensive determination of this matter, in furtherance of FRCP 1, given: (a) the parties' discovery efforts to date; (b) the parties' current working relationship, and (c) the parties' agreement that mediation shall occur only after the parties exchange of expert reports.

18. Further, public policy and the Court's interest in encouraging settlements weigh in favor of a stay. *See, e.g.*, *KMI Zeolite, Inc. v. United States Dep't of the Interio*, No. 2:15-CV-2038-JCM-NJK, 2022 WL 2077974, at *1 (D. Nev. May 31, 2022) ("Public policy wisely encourages settlements and strongly favors enforcement of settlement agreements."); *Est. of Tustin by & Through Lee v. KLB Constr., Inc.*, No. 2:07-CV-00673-BES-GWF, 2009 WL 10709918, at

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

*1 (D. Nev. July 16, 2009) (same); *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1181 (D. Nev. 2022) ("There is no doubt that federal courts encourage informal settlement[.]").

19. The parties anticipate that the mediation will proceed in January 2027, allowing for the parties to exchange expert reports, complete mediation briefing, and schedule an agreed upon date for the mediation itself.

20. This stipulation is entered in good faith, is reasonably necessary, and is not sought for the purposes of delay.

21. Nothing in this stipulation is, or should be construed as, a concession as to the merits of any claims, defenses, or arguments in this matter.

22. Nothing in this stipulation is, or should be construed as, a waiver of the parties' rights to continue pursuing discovery if the mediation is unsuccessful and the stay is lifted.

23. Based on the foregoing, the parties respectfully request that the Court grant the Stipulation and stay the case.

**ACCORDINGLY, IT IS HEREBY STIPULATED** that this matter shall be stayed pending the outcome of mediation.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**IT IS FURTHER STIPULATED** that, should the forthcoming mediation not result in a resolution of this matter, the parties shall file a proposed discovery plan and scheduling order within 30 days of the mediation concluding.

**IT IS SO STIPULATED.**

DATED: August 13, 2026

BROWNSTEIN HYATT FARBER SCHRECK, LLP

BY: */s/ Chelsee C. Jensen*
ADAM K. BULT, ESQ.
Nevada Bar No. 9332
TRAVIS F. CHANCE, ESQ.
Nevada Bar No. 13800
CHELSEE C. JENSEN, ESQ.
Nevada Bar No. 14549

*Attorneys for Plaintiff*

DATED: August 13, 2026

OLSON CANNON & GORMLEY

BY: */s/ Max E. Corrick, II*
MAX E. CORRICK, II, ESQ.
Nevada Bar No. 6609

*Attorneys for Defendant*

**ORDER**

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

DATED: August 13, 2026.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101